IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                    Case No.  21-10035-01,02-JWB

JORGE L. ACUNA GASTELUM, and
LUIS G. PALAFOX VELAZQUEZ,

Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a motion to compel by Defendant Acuna-Gastelum (hereinafter "Acuna").  (Doc. 66.)  The government has responded to the motion (Doc. 68) and the court heard arguments from counsel at a July 14, 2022, hearing.  For the reasons stated herein, the motion to compel is DENIED.

**I.  Background**

The motion to compel asserts that in July 2022, the government disclosed that Trooper Parr, the trooper who made the traffic stop at issue in the case, had received a tip from the Drug Enforcement Administration (DEA) prior to the stop.  The tip reported that a Honda Accord with a temporary Arizona tag was suspected of transporting illegal drugs from Phoenix to Kansas City. Parr stopped a vehicle matching that description, which was driven by Acuna, for an alleged failure to signal in violation of K.S.A. 8-1548.  Based on that disclosure, defense counsel asked the government to produce other information, including any communications Parr received from the DEA or others prior to the stop, any communication between Parr and Trooper Ackerman (who brought a drug-sniffing dog to the scene at Parr's request), a memo about statements by Parr to the government's attorneys, and information about Parr's practices relating to such tips.  (Doc. 66 at 2-3.)  The government allegedly responded to the request by stating it did not intend to rely on the

tip to justify the stop and declining to produce further information.  (*Id.* at 3.)  Acuna's motion to compel argued that information about the tip is material to several issues, including to Parr's credibility (and whether a traffic violation occurred), to the lawfulness of the dog sniff, to the doctrine of inevitable discovery, and to applicability of the exclusionary rule. (*Id.* at 6.)  The motion asks the court to order the government to produce the requested information.

At the suppression hearing on July 14, Parr and Ackerman both testified and were asked about the DEA tip.  Each of the officers was cross-examined by defense counsel about the tip.  Parr said he received the tip from a particular task force officer earlier in the day.  Parr indicated he knew no further details about the underlying source of the information or how it was acquired. Parr indicated he informed Ackerman of the tip prior to the stop and asked him to be available if a stop was made.

## II.  Standards

The government is obligated to disclose evidence that is favorable to the defendant and that is material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963).  The obligation extends to evidence that is useful to the defense in impeaching the government's witnesses. *Giglio v. United States*, 405 U.S. 150 (1972).

Rule 16(a)(1)(E) provides that upon defense request, the government must permit the defense to inspect or copy items within the government's possession or control if: (1) the item is material to preparing the defense; (2) the government intends to use it in its case-in-chief; or (3) the item was obtained from or belongs to the defendant.  This rule mandates disclosure of material information, whether exculpatory or not.  The defendant bears the burden of showing materiality. *United States v. Simpson*, 845 F.3d 1039, 1056 (10th Cir. 2017).  This requires "a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation,

2

... or assisting impeachment or rebuttal." *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996).  No showing of materiality is required with respect to items the government intends to use in its case-in-chief or that it obtained from the defendant, as materiality is presumed in those situations.  *See* Fed. R. Crim. P. 16, Adv. Comm. Notes, 1974 Amendment.   If a party fails to comply with the foregoing rule, the court may order that party to permit discovery or may enter any other just order.  Fed. R. Crim. P. 16(d)(2).

### III.  Analysis

Insofar as Acuna has identified potential relevance of the DEA tip, the record indicates the defense has now received all of the relevant information.  The government has disclosed the fact and substance of the DEA tip.  Moreover, defense counsel had the opportunity at the evidentiary hearing to cross-examine the troopers about their knowledge of the tip and about any communications they were aware of relating to it.  To the extent the fact of the tip had any bearing on the troopers' credibility, the defense was able to explore that issue at the evidentiary hearing.  Although information relating to the underlying source of the tip has not been disclosed, Acuna has not made a showing that any such information would be material or helpful to the defense.  Nor has any showing been made that the government intends to use that information in its case-in-chief.  Under the circumstances, Acuna is not entitled to an order compelling the government to produce further information about the tip.

### IV.  Conclusion

Defendant Acuna's motion to compel (Doc. 66) is DENIED.  IT IS SO ORDERED this 11th day of August, 2022.

s/ John Broomes

JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

3