IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                   Case No. 21-10035-01-JWB

JORGE L. ACUNA GASTELUM,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant's motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and for counsel to assist with him pursuit of a sentence reduction. The motion is ripe for decision.[1]  (Docs. 108, 110.) The motion is DENIED for the reasons stated herein.

**I. Facts**

The superseding information charged two counts against Defendant Jorge L. Acuna Gastelum: (1) Possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and (2) illegal reentry in violation of 8 U.S.C. § 1326(a). (Doc. 86 at 1–2.) Defendant waived indictment (Doc. 92) and pleaded guilty to Count 1. (Doc. 94.)

With the applicable reductions, Defendant received a total offense level of 33. (Doc. 97 at 13.) Additionally, Defendant received zero criminal history points and had a criminal history category of I. (*Id.*) Defendant had a total offense level of 33 and a criminal history category of I, which yielded a United States Sentencing Guidelines imprisonment range of 135-168 months. (*Id.*

---

[1] Defendant did not file a reply and the time for doing so has now passed.

1

at 20.)  However, the court sentenced Defendant below the guideline range to 96 months.  (Doc. 102 at 2.)

Defendant now seeks a reduction in his sentence pursuant to Part B of Subpart 1 of Amendment 821 to the Sentencing Guidelines for zero-point offenders.  He also requests the court to appoint counsel to assist him with reducing his sentence.

**II.    Analysis**

Defendant seeks a reduction in his sentence on the basis that Amendment 821 to the Sentencing Guidelines provides an adjustment for zero-point offenders.  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(2).  The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.  *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).  Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for certain "Zero-Point Offenders."  See United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited May 3, 2024).

Defendant is a zero-point offender.  (Doc. 97 at 13.)  Under the amended Sentencing Guidelines, Defendant's offense level is reduced by two levels and is now 31 instead of 33.  Hence, with an offense level of 31 and criminal history category of I, Defendant's amended sentencing range is 108-135 months, which is above the sentence Defendant received.

Under the policy statement applicable to an amended guideline range, the court cannot reduce a sentence based upon § 3582(c)(2) below the minimum of the amended guideline range. *See* § 1B1.10(b)(2)(A).  Although in *United States vs. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sentencing Guidelines were advisory, section 1B1.10(b)(2)(A) renders Defendant ineligible for relief in this case.  This is binding on the court because 18 U.S.C. § 3582(c) precludes a court from modifying a term of imprisonment unless the requirements of that subsection are met.  As applicable here, subsection (c)(2) of that statute authorizes the court to modify a sentence of imprisonment when the Sentencing Commission reduces the applicable sentencing range by subsequent amendment to the Sentencing Guidelines, but only "if such a reduction is consistent with applicable policy statements issues by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Accordingly, Defendant's motion for sentence reduction is denied.

### III. Conclusion

IT IS THEREFORE ORDERED BY THE COURT THAT Defendant's motion to reduce his sentence (Doc. 108) is DENIED.  Additionally, because Defendant's motion to reduce his sentence is denied, his request for counsel to assist in pursuing a sentence reduction is DENIED as moot.

IT IS SO ORDERED.  Dated this 10th day of May, 2024.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE